IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. GENE L. ROGERS, M.D.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　Defendants.<br>_____/ | NO.  CIV.S-03-1658 LKK DAD PS |
| STATE OF CALIFORNIA<br>ex rel. GENE L. ROGERS, M.D.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　Defendants.<br>_____/ | NO.  CIV.S-05-1999 LKK DAD PS<br><br><br><u>FINDINGS AND RECOMMENDATIONS</u><br><u>RE CONSOLIDATION</u> |

　　　　These related cases came before the court on December 16, 2005, for hearing on defendant County of Sacramento's motion to consolidate pursuant to Federal Rule of Civil Procedure 42(a). Plaintiff Gene L. Rogers, M.D., proceeding pro se, appeared on his

1

own behalf. Clair I. Van Dam appeared on behalf of defendant. Having considered all written materials submitted in connection with the motion, and after hearing oral argument, the undersigned will recommend that the motion be granted and these actions be consolidated for all purposes.[1]

Federal Rule of Civil Procedure Rule 42(a) provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. U.S. District Court for the Central District of California, 877 F.2d 777, 777 (9th Cir. 1989). The purpose of consolidation is to avoid unnecessary cost or delay that would result from proceeding separately with claims and issues sharing common aspects of law or fact. Equal Employment Opportunity Commission v. HBE Corp., 135 F.3d 543, 550-51 (8th Cir. 1998). As the language of Rule 42(a) indicates, the threshold requirement for consolidation is whether the actions involve common facts or legal

---

[1] It appears to be unsettled whether an order of consolidation is dispositive or nondispositive for purposes of 28 U.S.C. § 636(b)(1). Compare United States v. $8,221,877.16, 330 F.3d 141, 145 (3d Cir. 2003)(magistrate judge ordering consolidation) with Giovanni v. Lynn, 48 F.3d 908, 911 n.4 (5th Cir. 1995)(magistrate judge recommending consolidation). Out of an abundance of caution findings and recommendations will be issued with respect to the motion to consolidate.

1  issues.  Yousefi v. Lockheed Martin Corp., 70 F. Supp. 2d 1061, 1064-
2  65 (C.D. Cal. 1999).  Nonetheless, even if common facts or legal
3  issues exist, consolidation is inappropriate if it results in
4  "inefficiency, inconvenience, or unfair prejudice to a party."  HBE
5  Corp., 135 F.3d at 551 (citing Fed. R. Civ. P. 42(b)).  "The party
6  seeking consolidation bears the burden of showing that it would
7  promote judicial convenience and economy." Powell v. National
8  Football League, 764 F. Supp. 1351, 1359 (D. Minn. 1991).

9       Here, defendant has met its burden of demonstrating that
10 these two cases should be consolidated.  As discussed on the record
11 during the hearing on the pending motion, the legal claims presented
12 by plaintiff in these two qui tam actions are virtually identical.
13 The primary claim in both actions is that the County of Sacramento is
14 violating the federal Personal Responsibility and Work Opportunity
15 Reconciliation Act (PRWORA) by providing non-emergent health care to
16 undocumented immigrants under the County Medically Indigent Services
17 Program.  Both actions appear to contain claims that such care
18 amounts to the fraudulent misappropriation of federal, state and
19 county funds under both the federal False Claims Act and the
20 California False Claims Act.  Both actions also allege, albeit in a
21 somewhat difficult to decipher fashion, that providing such care
22 induces plaintiff, other county workers and undocumented immigrants
23 to engage in unlawful conduct.  Finally, both actions seek the same
24 relief, including but not limited to recovery of the federal, state
25 and county funds expended in violation of the law as well as punitive
26 damages.  Because these actions involve common facts and legal

3

issues, the undersigned will recommend that they be consolidated for all purposes.

The undersigned further finds that neither inefficiency, inconvenience, nor unfair prejudice to a party will result from consolidation. On the contrary, in light of the commonality of questions involved, consolidation will allow the court and the parties to proceed with these matters expeditiously. In the event the district judge assigned to these matters adopts these findings and recommendations, the undersigned will re-schedule the discovery and law and motion cut-off dates as well as the dates for the final pretrial conference and trial.[2] Rescheduling the cases so they may proceed on the same track while providing time for the completion of discovery in both will serve to mitigate any potential for prejudice that might result from consolidation at this stage of the proceedings.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion for consolidation be granted;

2. The actions denominated as <u>United States of America ex rel. Gene L. Rogers, M.D.</u>, No. CIV.S-03-1658 LKK DAD PS and <u>State of California ex rel. Gene L. Rogers, M.D.</u>, No. CIV.S-05-1999 LKK DAD PS be consolidated;

/////

---

[2] In the event these findings and recommendations are adopted, the undersigned will require that all discovery be completed by March 17, 2006, and all law and motion be completed by May 19, 2006. The final pretrial conference and trial will be re-set for July 10, 2006, at 1:30 p.m. and September 26, 2006, at 10:30 a.m., respectively.

4

   3. Case No. CIV.S-03-1658 LKK DAD PS be designated as the "master file";

   4. The Clerk of the Court be directed to copy the amended complaint, answer and any cross- or counter-complaints in case No. CIV.S-05-1999 LKK DAD PS and place said copies in the master file;

   5. The Clerk be directed to administratively close case No. CIV.S-05-1999 LKK DAD PS; and

   6. The parties be directed to file all future pleadings, motions and other filings ONLY in case No. CIV.S-03-1658 LKK DAD PS.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 20, 2005.

           /s/ Dale A. Drozd
           DALE A. DROZD
           UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.prose\rogers1658.consolidation