IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA                NO.  CIV.S-03-1658 LKK DAD PS
ex rel. GENE L. ROGERS, M.D.,
                                        CONSOLIDATED CASES
          Plaintiff,

     v.

COUNTY OF SACRAMENTO, et al.,

          Defendants.
_____/       FINDINGS AND RECOMMENDATIONS

STATE OF CALIFORNIA
ex rel. GENE L. ROGERS, M.D.,

          Plaintiff,

     v.

COUNTY OF SACRAMENTO, et al.,

          Defendants.
_____/

          These consolidated cases came before the court on January

20, 2006, for hearing on plaintiff's "motion for order --

injunction," which the undersigned has construed as a motion for a

preliminary injunction.  Plaintiff Gene L. Rogers, M.D., proceeding

1

1  pro se, appeared on his own behalf.  Clair I. Van Dam appeared on

2  behalf of defendant.  Having considered all written materials

3  submitted in connection with the motion, and after hearing oral

4  argument, the undersigned will recommend that the motion be denied.

5  The legal principles applicable to a request for injunctive

6  relief are well-established.  To prevail, the moving party must show

7  either a likelihood of success on the merits and the possibility of

8  irreparable injury, or that serious questions are raised and the

9  balance of hardships tips sharply in the movant's favor.  See

10 Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir.

11 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,

12 1376 (9th Cir. 1985).  The two formulations represent two points on a

13 sliding scale with the focal point being the degree of irreparable

14 injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any

15 formulation of the test, plaintiff must demonstrate that there exists

16 a significant threat of irreparable injury."  Id.  In the absence of

17 a significant showing of possible irreparable harm, the court need

18 not reach the issue of likelihood of success on the merits.  Id.

19 As an initial matter, the court notes that plaintiff's

20 motion for preliminary injunction is technically deficient in that it

21 fails to comply with the provisions of Local Rule 65-231.

22 Specifically, plaintiff's short memorandum of points and authorities

23 filed December 16, 2005, misapprehends the legal standards applicable

24 to his request[1] and does not address all pertinent legal issues, such

25

26     [1]  In this regard, plaintiff confusingly cites to Ex Parte Young
and its progeny, which stand for the general principle that the

2

1 as the questions of likelihood of success on the merits; the

2 possibility of irreparable injury; and the balance of hardships.  As

3 such, plaintiff's moving papers do not include a brief "on all

4 relevant legal issues to be presented by the motion" as required by

5 Local Rule 65-231(d)(2)(i).  The proposed order submitted by

6 plaintiff fails to include a provision for bond as required by Local

7 Rule 65-231(d)(2)(iii).  These deficiencies alone justify denying

8 plaintiff's motion.

9          Additionally, and most importantly, plaintiff has failed to

10 make a showing entitling him to the requested relief.  The primary

11 claim in these consolidated qui tam actions is that the County of

12 Sacramento is violating the federal Personal Responsibility and Work

13 Opportunity Reconciliation Act (PRWORA) by providing non-emergent

14 health care to undocumented immigrants under the County Medically

15 Indigent Services Program.  In the instant motion, plaintiff seeks "a

16 prospective injunction for relief rendering unqualified aliens

17 ineligible for non-emergency, elective, means tested local medical

18 benefits of the Sacramento County Medically Indigent Program."[2]

19 (Proposed Order filed December 16, 2005, at 2.)

20          Plaintiff has not demonstrated a significant threat of

21 irreparable injury.  While plaintiff's moving papers contain little

22 _____

23 Eleventh Amendment does not bar a suit brought in federal court
seeking to prospectively enjoin a state official from violating

24 federal law.  See Ex parte Young, 209 U.S. 123, 159-60 (1908).

25     [2]  At this time the court does not reach defendant's contention
that plaintiff lacks standing to enforce the provisions of the
PRWORA.  That issue is raised in defendant's pending motion for

26 summary judgment.

1  discussion regarding irreparable injury, plaintiff has made some

2  attempt to address the issue in his reply brief, presumably in

3  response to defendant raising the matter in its opposition.  In his

4  reply brief,[3] plaintiff asserts that denying the requested relief

5  will result in the continued unlawful expenditure of public revenues;

6  expose plaintiff to personal fiscal liability; and increase the costs

7  associated with this litigation.  However, even if plaintiff were to

8  demonstrate that these somewhat vague injuries were likely to be

9  suffered, which he has not, the financial nature of the alleged harm

10  weighs against a claim of irreparable injury.  See Cotter v. Desert

11  Palace, Inc., 880 F.2d 1142, 1145 (9th Cir. 1989) ("[i]njuries

12  compensable in monetary damages are "not normally considered

13  irreparable.")(quoting Los Angeles Memorial Coliseum Com. v. National

14  Football League, 634 F.2d 1197, 1202 (9th Cir. 1980)).

15         The other alleged injuries offered by plaintiff also miss

16  the mark.  In this regard, plaintiff argues that denying the

17  requested relief will put the public health at risk.  For example,

18  plaintiff argues that undocumented immigrants are lured to the United

19  States, at least in part, by the prospect of health care provided by

20  defendants and other local government entities.  Plaintiff claims

21  that those undocumented immigrants carry unique infectious diseases,

22

23         [3] Pursuant to court order, any reply argument was to be made at
oral argument.  (See Order filed January 9, 2006.)  Therefore, the
collection of documents filed by plaintiff in reply are unauthorized.

24  Also, those documents were filed on January 17, 2006, just three days
before the hearing, and therefore are untimely even if a regular

25  briefing scheduled applied.  Nonetheless, defendant having been
granted an extension of time to file its opposition, the court has

26  considered plaintiff's reply filings.

1  such as "resistant [tuberculosis] from foreign nations," which only

2  expose the general public to undue risks.  Plaintiff further argues

3  that swelling numbers of undocumented immigrants at defendant's

4  facilities result in the denial of health care to those citizens who

5  are legitimately entitled to it.  Plaintiff obviously feels strongly

6  about his views on immigration, but his arguments here are conclusory

7  and unsupported.  His assertions regarding the public health do not

8  constitute a demonstration of immediate threatened harm, particularly

9  where, as here, plaintiff seeks to enjoin the conduct of a local

10  government.  See Orantes-Hernandez v. Thornburgh, 919 F.2d 549, 557

11  (9th Cir. 1990) (when seeking injunctive relief against government

12  actions which allegedly violate the law, "the injury or threat of

13  injury must be both 'real and immediate,' not 'conjectural' or

14  'hypothetical'") (quoting Los Angeles v. Lyons, 461 U.S. 95, 101-02

15  (1983)(citations omitted)).[4]

16        The court also is unpersuaded by plaintiff's assertions

17  that denying the instant motion will cause him unnecessary stress and

18  aggravate his personal health issues.  Such an injury is simply not

19  the kind contemplated by the applicable legal standards.  Nor is the

20  ─────────────────

21  [4]  Plaintiff's assertions in this regard also are directly
    contradicted by the declaration of Keith A. Andrews, M.D., a
    physician responsible for the oversight and supervision of the County
22  of Sacramento's medical care programs, including the County Medically
    Indigent Services Program, which is the medical program of last
23  resort for residents of Sacramento County.  Dr. Andrews' declaration
    was submitted by defendant and explains that the requested injunctive
24  relief would actually create a "risk of increased spread of public
    health related infectious diseases, as well as loss of life and limb
25  for such patients resulting from failure to treat their medical
    conditions.  These patients have no alternative place to receive the
26  necessary medical care."  (Decl. of Keith A. Andrews, M.D., ¶ 6.)

1  court persuaded by the contention that plaintiff and like-minded

2  county employees will, if his motion is denied, live in fear of

3  losing their jobs in retaliation for expressing their views regarding

4  providing health care to undocumented immigrants.  The court

5  perceives no connection between a denial of the requested relief and

6  such a scenario.

7          Further, plaintiff initiated the first of these

8  consolidated actions in 2003.  The instant motion was filed earlier

9  this year (i.e., well over two years later) and only after defendant

10  moved for summary judgment, which motion is pending.  Such a delay in

11  seeking a preliminary injunction also weighs against a claim of

12  irreparable injury.  See Oakland Tribune, Inc., 762 F.2d at 1377

13  ("Plaintiff's long delay before seeking a preliminary injunction

14  implies a lack of urgency and irreparable harm.").

15          Finally, plaintiff has clearly not demonstrated a

16  likelihood of success on the merits of his claim.  Indeed, plaintiff

17  has offered no clear discussion of his claims nor explained how he

18  might prevail.  The closest plaintiff comes in this regard is his

19  identification of certain witnesses and the expressed intention to

20  conduct additional discovery to support his claims.  Unfortunately,

21  having moved for a preliminary injunction, the time for plaintiff to

22  demonstrate a likelihood of success on the merits is now.

23  Plaintiff's assertion that additional discovery may allow him to do

24  so at some point in the future is therefore unavailing.

25  /////

26  /////

1    Accordingly, for all of the reasons set forth above, the

2  court HEREBY RECOMMENDS that plaintiff's "motion for order --

3  injunction" be denied.

4    These findings and recommendations are submitted to the

5  United States District Judge assigned to the case, pursuant to the

6  provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after

7  being served with these findings and recommendations, any party may

8  file written objections with the court and serve a copy on all

9  parties.  Such a document should be captioned "Objections to

10  Magistrate Judge's Findings and Recommendations."  The parties are

11  advised that failure to file objections within the specified time may

12  waive the right to appeal the District Court's order.  See Martinez

13  v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14  DATED: January 23, 2006.

15

16    _Dale A. Drozd_

    DALE A. DROZD

17    UNITED STATES MAGISTRATE JUDGE

18  DAD:th
   Ddad1\orders.prose\rogers1658.pi.f&r

19

20

21

22

23

24

25

26

7