IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. GENE L. ROGERS, M.D.,<br><br>      Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>      Defendants.<br>_____/<br>STATE OF CALIFORNIA<br>ex rel. GENE L. ROGERS, M.D.,<br><br>      Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>      Defendants.<br>_____/ | NO.   CIV.S-03-1658 LKK DAD PS<br><br><u>CONSOLIDATED CASES</u><br><br><br><br><br><br><u>ORDER</u> |

        These consolidated cases came before the court on February 17, 2006, for hearing on plaintiff's motion to compel production of documents.  Plaintiff Gene L. Rogers, M.D., proceeding pro se, appeared on his own behalf.  Clair I. Van Dam appeared on behalf of

1  defendant County of Sacramento.  Kendall Newman appeared on behalf of
2  the United States.[1] Having considered all written materials submitted
3  in connection with the motion, and after hearing oral argument, for
4  the reasons set forth on the record during the hearing, IT IS HEREBY
5  ORDERED that:

6        1.  Plaintiff's motion to compel that came on for hearing
7  (Doc. no. 189) is denied;

8        2.  Plaintiff's attempted motion to enforce compliance with
9  a subpoena (Doc. no. 215) is denied as untimely, that motion not
10 having been properly filed and noticed for hearing in accordance with
11 the Federal Rules of Civil Procedure and Local Rules;

12       3.  Defendant's motion for summary judgment which came on
13 for hearing on January 13, 2006, is hereby taken under submission for
14 decision;

15       4.  The matter having been brought to the attention of the
16 court by the United States (see United States of America's Stmnt. of
17 Interest in Opp'n to Mot. to Compel (Doc. no. 220), at 2 n.1), and in
18 light of the court's continuing obligation to assess its subject
19 matter jurisdiction,[2] within twenty (20) days of the date of this
20 order plaintiff shall show cause in writing why this matter should
21 not be dismissed without prejudice due to plaintiff's status as a pro

---

[1] Deputy Attorney General Anthony M. Bova filed written opposition to the motion on behalf of the State of California but did not make an appearance at the hearing.

[2] See Fed. R. Civ. P. 12(h)(3); see also Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004); United States v. Ceja-Prado, 333 F.3d 1046, 1049-50 (9th Cir. 2003).

1  se relator in this qui tam action.  See <u>United States v. Onan</u>, 190
2  F.2d 1, 6 (8th Cir. 1951) <u>cert</u>. <u>denied</u>, 342 U.S. 869 (1951)("we do
3  not think that Congress could have intended to authorize a layman to
4  carry on such suit as attorney for the United States"); <u>United States
5  ex rel. Fisher v. Network Software Assocs.</u>, 377 F. Supp. 2d 195 (D.
6  D.C. 2005)(holding that plaintiff may not maintain suit as a qui tam
7  relator without the assistance of counsel); <u>United States ex rel.
8  Rockefeller v. Westinghouse Elec. Co.</u>, 274 F. Supp. 2d 10 (D. D.C.
9  2003) (granting motion to dismiss False Claims Act (FCA) and common
10 law claims because a relator in a qui tam FCA action cannot proceed
11 pro se and plaintiff lacked standing to pursue common law claims for
12 injuries allegedly sustained by the United States); <u>United States ex
13 rel. Stronstorff v. Blake Med. Ctr.</u>, 2003 WL 21004734, at *1, Case
14 No. 8:01-CV-844-T23MSS (M.D. Fla. 2003)("a pro se litigant cannot
15 represent the United States in a qui tam action"); <u>United States ex
16 rel. Schwartz v. TRW, Inc.</u>, 118 F. Supp. 2d 991 (C.D. Cal.
17 2000)(holding that non-lawyer proceeding pro se could not represent
18 the United States in qui tam action under FCA); <u>United States ex. rel
19 Tyler v. California</u>, 1999 WL 33456979, Case No. S-98-2130 GEB JFM
20 (E.D. Cal. Sept. 24, 1999)(holding that a qui tam relator could not
21 proceed in propria persona); <u>but see</u> <u>United States ex rel. Trice v.
22 Westinghouse Hanford Co.</u>, 2000 WL 34024248, at *11, Case No. 96-CS-
23 171-WFN (E.D. Wash. March 1, 2000)("In light of the Ninth Circuit's
24 view that FCA claims are fraud claims assigned by the Government to
25 the private litigant when the Government declines to intervene, Trice
26 is allowed to proceed pro se.");

3

     5.  A response by defendant County of Sacramento, the United States and the State of California shall be filed within ten (10) days thereafter;

     6.  In their briefs plaintiff and counsel shall indicate whether oral argument on the order to show cause is requested;

     7.  All discovery is stayed pending resolution of the order to show cause; and

     8.  All discovery having been stayed, all other pending discovery motions (Doc. nos. 202, 207 & 229) are denied without prejudice as moot and the hearing notice by plaintiff for March 3, 2006, with respect to those motions is vacated.

DATED: February 21, 2006.

                                                 */s/ Dale A. Drozd*
                                                 DALE A. DROZD
                                                 UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.prose\rogers1658.021706

4