IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. GENE L. ROGERS, M.D.,<br><br>      Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>      Defendants.<br>_____/ | NO.  CIV.S-03-1658 LKK DAD PS |
| STATE OF CALIFORNIA<br>ex rel. GENE L. ROGERS, M.D.,<br><br>      Plaintiff,<br><br>  v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>      Defendants.<br>_____/ | NO.  CIV.S-05-1999 LKK DAD PS<br><br><br><br><br><br>ORDER |

      Pending before the court is relator's motion for reconsideration of the magistrate judge's February 17, 2006 Order. As best as the court can tell, relator requests reconsideration of the magistrate judge's order denying relator's motion to compel production of documents, temporarily staying discovery pending briefing by the parties, and ruling on whether relator's

1

consolidated cases should be dismissed without prejudice because he cannot represent the state and federal governments as a pro se plaintiff in such qui tam actions. The magistrate judge also dismissed without prejudice defendant's motion for protective order as moot due to the stay of discovery.

Because the order concerns a non-dispositive pre-trial motion referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A), it is reviewed under a clearly erroneous or contrary to law standard. See 28 U.S.C. § 636(b)(1)(a); Local Rule 72-303(f), United States v. Raddatz, 447 U.S. 667, 673 (1980). Under this standard, the magistrate judge's decision is affirmed unless "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gympsum Co., 333 U.S. 364, 395 (1948).

The magistrate judge denied relator's motion to compel for reasons stated on the record, in part, because he believed the various governmental documents were confidential. He also concluded that the relator was not entitled to certain confidential records because they were unnecessary. As for the magistrate judge's ruling on staying discovery until the court could determine whether plaintiff, as a pro se litigant, could represent the government in this particular qui tam case, the court has wide discretion to control the timing and conduct of discovery and to determine whether it has jurisdiction to adjudicate cases before it.[1] See Zivkovic v. Southern California Edison Co., 302 F.3d 1080 (9th Cir. 2002)(court has "broad discretion in supervising the pretrial phase of litigation.").

/////

////

////

////

---

[1] The magistrate judge explained that because the matter was brought to the court's attention by the United States, he had an obligation to assess the court's subject matter jurisdiction, citing, inter alia, United States v. Onan, 190 F.2d 1, 6 (8th Cir. 1951).

2

1       For the reasons set forth above, I conclude that relator has not demonstrated that the magistrate judge's order was clearly erroneous or contrary to law.  Relator's motion for reconsideration must be and is DENIED.

      IT IS SO ORDERED.

DATED: March 23, 2006

                                      /s/Lawrence K. Karlton  
                                      Lawrence K. Karlton  
                                      Senior Judge