IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. GENE L. ROGERS, M.D., <br>　　　Plaintiff,<br>　　v.<br>COUNTY OF SACRAMENTO, et al.,<br>　　　Defendants.<br>_____/ | NO.　CIV.S-03-1658 LKK DAD PS<br><br><u>CONSOLIDATED CASES</u><br><br><br><u>ORDER AND</u><br><u>FINDINGS AND RECOMMENDATIONS</u> |
| STATE OF CALIFORNIA<br>ex rel. GENE L. ROGERS, M.D.,<br>　　　Plaintiff,<br>　　v.<br>COUNTY OF SACRAMENTO, et al.,<br>　　　Defendants.<br>_____/ | |

These consolidated cases are before the court on defendants' motion for summary judgment. Also pending is the court's order to show cause why this qui tam action should not be dismissed without prejudice due to plaintiff's status as a pro se relator.

1

Both matters have been fully briefed.  Plaintiff Gene L. Rogers, M.D. is proceeding pro se.  Claire I. Van Dam represents the named defendants.  Kendall Newman represents the United States.  Deputy Attorney General Anthony M. Bova represents the State of California. Having considered all written materials submitted in connection with the motion and order to show cause, and after hearing oral argument on the motion for summary judgment,[1] for the reasons set forth below, the undersigned will recommend that this qui tam action be dismissed without prejudice due to plaintiff's lack of proper representation.

These consolidated qui tam actions allege that the County of Sacramento is violating the federal Personal Responsibility and Work Opportunity Reconciliation Act (PRWORA) by providing non-emergent health care to undocumented immigrants under the County Medically Indigent Services Program.  Both actions allege that such care amounts to the fraudulent misappropriation of federal, state and county funds under both the federal False Claims Act and the California False Claims Act.

The nature of a qui tam action such as this one has been summarized as follows:

> A qui tam action is brought by a private party, called the "relator," on behalf of the government.  If a qui tam suit under the False Claims Act succeeds, the relator obtains a reward of 25 to 30 percent of the judgment or settlement.  31 U.S.C. § 3730(d)(2).  The government gets the rest.  Because the government thus has the primary stake in the suit, it is empowered to take it over and prosecute it

---

[1] The court finds that oral argument on the order to show cause would not assist the court in resolving the issue posed.

2

1
2
3
>    itself.  The complaint is initially filed under
>    seal and served only on the government, which
>    then has 60 days in which to inform the district
>    court that it plans to take over the prosecution
>    of the suit.  § 3730(b)(4).

United States ex rel. Lu v. Ou, 368 F.3d 773, 774 (7th Cir. 2004)(Posner, J.).

Of course, as a general rule a pro se litigant cannot represent anyone but himself. See Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself.") (internal quotations and citation omitted); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a pro se litigant may not appear as an attorney for others).  Therefore, while the Ninth Circuit does not appear to have addressed the precise issue in a published opinion, two other circuits have recognized that a relator in a qui tam action cannot proceed pro se. See United States ex rel. Lu, 368 F.3d at 775 ("The relator is not technically the government's lawyer; but the same policy that forbids litigants, whether they are corporations, or other organizations, or individuals, such as members of a class or shareholders, to be represented by nonlawyers, is applicable to qui tam suits."); United States v. Onan, 190 F.2d 1, 6 (8th Cir. 1951) ("[W]e do not think that Congress could have intended to authorize a layman to carry on such suit as attorney for the United States."). See also Safir v. Blackwell, 579 F.2d 742, 745 n.4 (2d Cir. 1974)(recognizing the holding in Onan that a relator in a qui tam action cannot proceed pro se).

3

1  In keeping with this line of authority, a number of
2  district courts have dismissed qui tam actions brought by a pro se
3  relator without prejudice to renewing the action by and through
4  counsel. United States ex rel. Mergent Servs. v. Flaherty, 2006 WL
5  880044, at *1, Case No. 05 Civ. 4921 (HB)(S.D. N.Y. April 6,
6  2006)("Plaintiff is not an attorney and therefore is not qualified to
7  represent the interests of the United States."); United States ex
8  rel. Fisher v. Network Software Assocs., 377 F. Supp. 2d 195, 196-97
9  (D. D.C. 2005)(holding that plaintiff may not maintain suit as a qui
10 tam relator without the assistance of counsel); United States ex rel.
11 Rockefeller v. Westinghouse Elec. Co., 274 F. Supp. 2d 10, 12, 16 (D.
12 D.C. 2003) (granting motion to dismiss False Claims Act (FCA) and
13 common law claims because a relator in a qui tam FCA action cannot
14 proceed pro se and plaintiff lacked standing to pursue common law
15 claims for injuries allegedly sustained by the United States); United
16 States ex rel. Stronstorff v. Blake Med. Ctr., 2003 WL 21004734, at
17 *1, Case No. 8:01-CV-844-T23MSS (M.D. Fla. 2003)("a pro se litigant
18 cannot represent the United States in a qui tam action"); United
19 States ex rel. Schwartz v. TRW, Inc., 118 F. Supp. 2d 991, 994-96
20 (C.D. Cal. 2000)(holding that non-lawyer proceeding pro se could not
21 represent the United States in qui tam action under the False Claims
22 Act); United States ex. rel Tyler v. California, 1999 WL 33456979, at
23 *1-2, Case No. S-98-2130 GEB JFM (E.D. Cal. Sept. 24, 1999)(holding
24 that a qui tam relator could not proceed in propria persona).
25  The undersigned agrees with the reasoning of these cases.
26 Since a pro se litigant can represent no one but himself, plaintiff

should not be permitted to proceed as the relator in this qui tam action without being represented by a licensed attorney.[2]

In addition to running afoul of the general rule that a pro se litigant cannot represent anyone but himself, permitting plaintiff to proceed pro se in these wide-ranging consolidated actions exposes the United States and the State of California to considerable risks in terms of res judicata and collateral estoppel.  See United States ex rel. Fisher, 377 F. Supp. 2d at 197 ("Because the outcome of such an action could have claim- or issue-preclusive effect on the United States, the need for adequate legal representation on behalf of the United States is obviously essential.")(internal quotations and alterations omitted).  Permitting plaintiff to proceed pro se in this qui tam action would also continue to unnecessarily tax the resources of all those involved in this action, including plaintiff, defendants, the United States, the State of California, and the court.  Although plaintiff is educated and presumably proceeding in good faith, his numerous lengthy filings and oral arguments demonstrate that he has struggled to litigate these complex consolidated actions at his own expense and on his own time as a pro

---

[2] The court and the parties have identified only one case where a relator was permitted to proceed without counsel.  See United States ex rel. Trice v. Westinghouse Hanford Co., 2000 WL 34024248, at *11, Case No. 96-CS-171-WFN (E.D. Wash. March 1, 2000)("In light of the Ninth Circuit's view that FCA claims are fraud claims assigned by the Government to the private litigant when the Government declines to intervene, Trice is allowed to proceed pro se.").  However, that decision is not binding on this court and the undersigned is persuaded by the reasoning of the cases cited above which adhere to the principle that a pro se litigant may not appear as an attorney for others.

1  se litigant. See United States ex rel. Schwartz, 118 F. Supp. 2d at
2  995 ("In addition, the pro per litigant's lack of skill is also an
3  issue of concern in cases as complicated as qui tam actions. ... The
4  lay litigant frequently brings pleadings that are awkwardly drafted,
5  motions that are inarticulately presented, and proceedings that are
6  needlessly multiplicative.")(internal quotations and alterations
7  omitted).

8      Requiring a relator to proceed with counsel also is
9  consistent with the rules precluding pro se litigants from appearing
10 on behalf of others in lawsuits of a similar nature.  For example,
11 plaintiffs in shareholder derivative suits must be represented by
12 counsel.  See Phillips v. Tobin, 548 F.2d 408, 411 (2d Cir. 1976)
13 (holding that a stockholder cannot represent the corporation without
14 an attorney).  Likewise, the named plaintiff in a class action must
15 be represented by counsel.  See McShane v. United States, 366 F.2d
16 286, 288 (9th Cir. 1966).  Similarly, "a parent or guardian cannot
17 bring an action on behalf of a minor child without retaining a
18 lawyer."  Johns, 114 F.3d at 877.

19     Finally, the court has considered whether these
20 consolidated actions concern any personal claims plaintiff might have
21 against defendants such that he may be able to proceed on those
22 claims pro se.  However, a careful review of the complaints reveals
23 no such claims.  Nor is the court persuaded by the plaintiff's
24 suggestion in his brief that this action concerns a hostile work
25 environment claim, personal injury claim, a claim regarding the
26 /////

6

"[m]oral dilemma of violating laws," or any other such claim.  (Brief of Plaintiff Gene L. Rogers, M.D. filed March 13, 2006, at 16-17.)

For all of these reasons, the undersigned will recommend that this qui tam action be dismissed without prejudice due to plaintiff's lack of representation by a licensed attorney.  See Johns, 114 F.3d at 876-78 (affirming sua sponte dismissal of pro se father's complaint brought on behalf of minor son but directing that dismissal be without prejudice).

Accordingly, IT IS HEREBY ORDERED that:

1.  All remaining dates in these consolidated actions are vacated; and

2.  Defendants' recently filed ex parte application regarding scheduling is denied as moot.

IT IS HEREBY RECOMMENDED that:

1.  These consolidated actions be dismissed without prejudice to renewal by plaintiff through a licensed attorney, or by the United States or the State of California; and

2.  Defendants' motion for summary judgment be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty (20) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

1  objections shall be served and filed within ten (10) days after
2  service of the objections.  The parties are advised that failure to
3  file objections within the specified time may waive the right to
4  appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d
5  1153 (9th Cir. 1991).³
6  DATED: June 23, 2006.

                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1\orders.prose\rogers1658.f&r.dismiss

---

³ Beyond the time allowed for the filing of objections and replies to these findings and recommendations, and the passage of time while the assigned district judge determines whether to adopt or reject them, the undersigned is disinclined to grant plaintiff still more time to attempt to secure counsel.  The order to show cause was filed on February 22, 2006 and thus the parties have been aware of the issues addressed in these findings and recommendations for several months.  Therefore, plaintiff's request that he be allowed an additional ninety days to obtain counsel prior to any dismissal without prejudice is denied.

8