IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICAex rel. GENE L. ROGERS, M.D.,

      Plaintiff,

  v.

COUNTY OF SACRAMENTO, et al.,

      Defendants.
_____/

NO. CIV.S-03-1658 LKK DAD PS

O R D E R

This case was filed in 2003 as a *qui tam* action under the False Claims Act and the California False Claims Act. On July 21, 2006, the court adopted the Findings and Recommendations of the magistrate judge, dismissing the case without prejudice on the grounds that private parties bringing *qui tam* actions may not proceed *pro se*. Judgment was entered on that date. Pending before the court is plaintiff's motion to reopen the case, on the grounds that he is now represented by counsel.

As defendant correctly points out, an action that has been dismissed cannot be "reopened," as it is no longer pending. See,

e.g., United States v. California, 932 F.2d 1346, 1351 (9th Cir. 1991), aff'd, 507 U.S. 745 (1993); Humphreys v. United States, 272 F.2d 411 (9th Cir. 1959). The dismissal, including one without prejudice, "terminates the action and concludes the rights of the parties in that particular action." United States v. California, 507 U.S. 746, 756 (1993) (internal citations omitted). Because the dismissal was without prejudice in this case plaintiff was permitted to refile it asserting the same claims. See generally Black's Law Dictionary (8th ed. 2004). The court's order that the action was dismissed without prejudice "to renewal by plaintiff through a licensed attorney, or by the United States or the State of California," instructed the plaintiff as to the condition that he must meet in order to properly refile the case. It did not alter the legal effect of the dismissal, as plaintiff suggests. Accordingly, plaintiff's motion must be denied. Should he wish to pursue the claims he asserted in this case, the proper approach is to file a new suit.[1]

For the reasons stated herein, plaintiff's motion to reopen the case (Doc. No. 322) is DENIED.

IT IS SO ORDERED.

DATED: April 2, 2009.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff has not moved to vacate the judgment. It appears to the court that such a motion, if brought, would not be timely. See Fed. R. Civ. P. 59(e).

2